NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CIVIL ACTION NO. 08-CV-124-HRW

ANDRE D. GRANT                                                                                    PETITIONER

VS:                     **MEMORANDUM OPINION AND ORDER**

E.K. CAULEY                                                                                       RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*

Andre D. Grant, who is incarcerated in the Federal Prison Camp located in Ashland, Kentucky, has submitted a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and has paid the $5.00 filing fee.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As Grant is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in the Petition are taken as true and are liberally construed in favor of the *pro se* litigant. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Under 28 U.S.C. § 1915(e)(2), however, if the district court determines that the Petition fails to establish adequate grounds for relief, it may dismiss the Petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

CLAIMS

Petitioner claims that the Bureau of Prisons ("BOP") has refused to properly give him credit toward his sentence for a 441-day period of time when he was held in federal custody in a county

jail, specifically, from January 19, 2005 to April 5, 2006.

## ALLEGATIONS OF THE PETITION

The following is a summary or construction of Petitioner's allegations, as contained in his completed form petition, memorandum of law and attached exhibits, as well at his allegations in two prior Section 2241 proceedings, which he filed in this Court and which raised the same jail credit issue as herein.[1] The previous petitions were both dismissed for Grant's failure to demonstrate that he had exhausted the issue administratively with the BOP.

Grant states that he was arrested by the Dayton Ohio Police Department on March 4, 2004, and charged with Complicity to Possess Marijuana and Possession of Criminal Tools. The state granted bond and Grant was released from custody the next day. Nine months later, on December 15, 2004, he was indicted in federal court in a lengthy indictment, one charge of which related to the state criminal action, count 8 of the indictment charging that on that March 4th date, in Dayton, he and certain co-defendants possessed a large quantity of marijuana, two firearms, a digital scale, walkie-talkies, and approximately $3,363. A federal Arrest Warrant was issued on December 21st.

A few weeks later, on January 19, 2005, Grant purportedly self surrendered to federal authorities at the Montgomery County Jail, and the time for which he seeks jail credits herein begins on this date. He next alleges that on January 26th, the State "borrowed" him from the federal authorities for sentencing which took place in Montgomery County Common Pleas Court, Dayton, Ohio, and after being sentenced to a two-year term of imprisonment, he was returned to federal custody at the Montgomery County Jail, which housed both state and federal prisoners.

---

[1] *See Grant v. United States,* Ashland Case No. 07-CV-110-HRW, dismissed, *sua sponte,* on December 10, 2007; and *Grant v. Cauley*, Ashland Case No. 08-CV-68-HRW, dismissed, *sua sponte*, on June 6, 2008.

On February 8, 2005, the federal prosecutor, allegedly in the mistaken belief that the Petitioner was in state custody, obtained a writ of habeas corpus *ad prosequendum* in order to take Grant to his federal sentencing in the United States District Court for the Southern District of Ohio (Dayton). On April 6, 2006, he was sentenced to a 60-month term of imprisonment for Conspiracy to Possess With Intent to Distribute in Excess of 100 Kilograms of Marijuana. *See United States of America v. Andre Grant et al*., Case No. 3:04-CR-00191-6, the Hon. Thomas M. Rose, presiding. [Docket No. 197] Grant alleges, and pages from the criminal docket which he has attached to his petition confirm, that the federal court ordered the federal sentence "to be served concurrent with the state charges," and that the federal court "recommended that Defendant receive jail time credit for time previously served." Exhibits A-B.

Grant alleges that after the federal sentencing, he was returned to state custody, where he sought prior custody credit toward the state sentence for the time spent in the Jail from his self surrender on January 19, 2005, to April 5, 2006, the day before his federal sentencing, the time period at issue herein. He was successful with the state, and accordingly, received that January 19, 2005, to April 5, 2006, time interval as jail credit toward his state sentence. Consistent therewith, Petitioner finished the state sentence on January 12, 2007, and was turned over to federal authorities for service of the federal sentence in the custody of the BOP.

The BOP, however, refused to credit the January 19, 2005, to April 5, 2006, time period toward Grant's federal sentence, and so Petitioner pursued the BOP administrative remedy process in order to receive the same jail credits toward his federal sentence. In drafting the instant Petition, his third on this issue, he finally demonstrates that he exhausted the BOP process, but he received only partial relief. The responses of BOP officials at all levels of appeal of Remedy No. 453365 are

3

attached to the Petition, and these documents reveal that agency's position. The BOP's position is that Grant was in state custody, not federal custody, during all of the complained-of time.

Further, the BOP contends that the petitioner has already been granted partial relief, the maximum credits which the law allows. They explain that since the federal court ordered its sentence to be concurrent to a state sentence which he was already serving, the BOP first considered Grant for a "*nunc pro tunc*" designation. On March 19, 2007, it granted him this designation to the Ohio Department of Corrections for counting the concurrent time. Additionally, the BOP has awarded him some sentence credits toward the time at issue "in accordance with *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971)." This effort ended in "credit . . . towards your federal sentence from March 4, 2004, through March 5, 2004, and from January 19, 2005, through January 25, 2005, for a total of 9 days."

As to any credit for the remaining time, *i.e.*, after January 26, 2005 until April 6, 2006, however, the BOP responded that credit for this time

> . . . is prohibited by 18 U.S.C. § 3585(b), which makes no provisions for the application of prior custody credit after a sentence begins, either state or federal. Your state sentence commenced on January 26, 2005. Once a sentence is in operation you are receiving day for day credit for service of that sentence. Therefore, the application of prior custody credit for time spend in service of a sentence would be dual credit and contrary to statute.

Response of Administrator of National Inmate Appeals, dated June 10, 2008.

Having exhausted his administrative remedies, Petitioner prepared the instant petition and a supporting memorandum, with the claims that the BOP has failed to give effect to the Judge's words and intent; this Court has the authority to reduce his sentence to time served, Petitioner citing, *inter alia*, this circuit's *United States v. Hicks*, 4 F.3d 1358 (6th Cir. 1993); and his attorney provided ineffective assistance in the sentencing phase of the criminal proceedings.

4

In addition to providing the memorandum, pages of the docket from his federal case, and documents exchanged in the BOP administrative process, Grant has also attached portions of a June 2008 article from Federal Public Defender for the District of Oregon, which is critical of the BOP's interpretation of 18 U.S.C. § 3584(a) and considers that "[t]he BOP's rules are at odds with U.S.C. § 5G1.3." Additionally, Petitioner has attached a page from *United States v. Descally*, 254 F.3d 1328, 1331 (11th Cir. 2001) (the Court finding error in the sentencing court's failing to follow the commentary to U.S.S.G. § 5G1.3(b) and reduce the federal sentence in the Judgment by the amount of time the prisoner had spent in state custody on a related crime).

On October 3, 2008, the Clerk of the Court received the instant petition, wherein the Petitioner claims that if he is given the time to which he is entitled, then he would be released to a half way house this year.

## DISCUSSION

As partial relief, Petitioner Grant has been awarded all of the appropriate credit due him on the concurrent sentences *via* the *nunc pro tunc* designation, and he has been given a week of credit under the *Willis* doctrine, thus making his claim herein one for prior custody sentence credits from a later date, January 26, 2005, instead of the January 19, 2005 date, to the same April 5, 2006 date.

As to the remaining time at issue herein, the Court begins its analysis with the terms of the governing statute. The statute, **Calculation of a term of imprisonment**, provides in its entirety as follows:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service

>of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>>**(1)** as a result of the offense for which the sentence was imposed; or
>>
>>**(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>*that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). Briefly stated, 18 U.S.C. § 3585(a) gives the BOP the exclusive authority to determine when a prisoner's sentence "commences;" and Section 3585(b) gives the BOP exclusive authority to calculate any credit to be given the prisoner for time already served. *Ruggiano v. Reish*, 307 F.3d 121, 132 (3rd Cir. 2002). Grant has benefitted from the BOP's calculation of his sentence under both subsections, as afore-stated, but he claims, additionally, to be entitled to prior custody credits, under subsection (b), for the January 25, 2005 through April 5, 2006, time period.

However, Petitioner fails to offer factual support for his contention that he was in federal custody during this time or that his federal custody was primary to the state custody. To the contrary, Grant acknowledges that his first arrest for charges stemming from the same activities on March 4, 2004 was by state authorities; that he was free only on a state bond for more than 6 months when the federal authorities finally obtained an indictment against him; and that both state and federal prisoners are housed at the Montgomery County Jail, thus showing that the kind of facility does not determine in whose custody he was detained.

Moreover, the law is that even time spent in the custody of the United States Marshal pursuant to a federal writ of habeas corpus *ad prosequendum* does not does not qualify as federal custody in connection with the federal offense. *Huffman v. Perez*, 230 F.3d 1358, 2000 WL

6

1478368 (6th Cir. 2000) (unpublished) (in the custody of federal authorities under a writ of habeas corpus *ad prosequendum* for a 26 ½ -month period of time); *see also Broadwater v. Sanders*, 59 Fed. Appx. 112, 113-14, 2003 WL 463481, **1 (6th Cir. 2003) (unpublished) (17-month period).

Although the Petitioner cites abundant case law as supporting his argument for credits for the period of time requested, the cases relied upon are inapposite. For instance, it is true that relief was granted and the prisoner received federal sentence credits for time in service of the State's sentence in one of Grant's cited cases, *Cozine v. Crabtree*, 15 F.Supp.2d 997 (D.Oregon 1998). However, that case is distinguishable. In *Cozine*, "the United States had primary jurisdiction over Cozine at the time the sentence was imposed with no other pending convictions or sentences no serve." *Id.* at 1020. *See Coccimiglio v. DeRosa*, 2006 WL 1897269 (D.Ariz. 2006) (unpublished) (distinguishing *Cozine*).

The case law of the Sixth Circuit is replete with decisions supporting the position that if the prisoner received credit toward his state sentence for the time in question, he may not also receive prior custody credit for this time toward his federal sentence, the courts relying on the terms of 18 U.S.C. § 3585(b). *See, e.g., Garrett v. Snyder*, 41 Fed.Appx. 756 (6th Cir. 2002) (unpublished) (citing the statute, *United States v. Wilson*, 503 U.S. 329, 337 (1992), and *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)); *Huffman v. Perez*, 320 F.3d at *2.

As to the Petitioner's claims that his counsel failed to render effective assistance at sentencing and/or that the district court failed to follow the commentary to U.S.S.G. § 5G1.3(b) to reduce his federal sentence by the amount of time the prisoner had already spent in state custody on a related crime, he fares no better in this Section 2241 proceeding. Again, Grant's reliance on the case law which he cites is misplaced.

Grant purports to rely on *United States v. Descally*, 254 F.3d 1328 (6th Cir. 2001) and *United States v. Hicks*, 4 F.3d at 1358 (6th Cir. 1993), but these cases are appeals from the criminal judgments, each challenging the sentence which the trial court imposed; they were not actions brought pursuant to Section 2241, as herein. The general rule is that 28 U.S.C. § 2241 permits challenges to official action affecting execution of sentence, such as the computation of sentence credits or parole eligibility. *United States* v. *Jalili,* 925 F.2d 889, 894 (6th Cir. 1999). It is 28 U.S.C. § 2255 which relates to conviction and/or imposition of sentence for federal prisoners. *See DeSimone v. Lacy,* 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States,* 593 F.2d 766, 770-71 (6th Cir. 1979).

Accordingly, a federal prisoner such as the instant Petitioner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi* v. *Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 2003). One exception, commonly called the "savings clause," is provided Section 2255(e). It provides that a prisoner may seek habeas corpus relief under Section 2241, if his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e).

Grant, however, does not invoke Section 2255's savings clause. Nor does he use the "inadequate or ineffective" language, nor rely on the standards for these terms as set out in *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999) or *Martin v. Perez,* 319 F.3d 799 (6th Cir. 2003). It is unknown whether this Petitioner ever brought a Section 2255 motion before the trial court.

The instant case presents factual and legal circumstances virtually identical to those in the afore-referenced case of *Garrett v. Snyder*, wherein a panel of the Sixth Circuit affirmed the district court's dismissal of a Section 2241 proceeding, writing:

> Because Garrett received credit toward his state sentences for the time period in question, he may not receive credit for this time toward his federal sentence. *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 . . . ; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993). If Garrett were credited for this time against his federal sentence, he would receive improper double credit. *See* 18 U.S.C. § 3585(b); *Wilson*, 503 U.S. at 337 . . . ; *McClain*, 9 F.3d at 505.
>
> We further conclude that Garrett may not challenge the district court's failure to reduce his federal sentence pursuant to U.S.S.G. § 5G1.3 in the instant § 2241 habeas corpus petition. If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 petition in the district court having jurisdiction over his custodian. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.2001); *Charles*, 180 F.3d at 755-56. If a federal prisoner seeks to challenge the imposition of his sentence, he must file a 28 U.S.C. § 2255 motion to vacate the sentence in the district court in which he was sentenced. *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755-56. Garrett's U.S.S.G. § 5G1.3 argument constitutes a challenge to the imposition of his sentence, not the execution or manner in which his sentence is being served. Thus, § 2255, not § 2241, is the proper vehicle by which Garrett should bring his U.S.S.G. § 5G1.3 challenge. *See Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755-56.

*Garrett v. Snyder*, 41 Fed.Appx. at 757-58. The court found that Garrett would be entitled to review of his U.S.S.G. § 5G1.3 claim under Section 2241 only if he established that Section 2255 was inadequate or ineffective; the Petitioner had the burden to prove that his remedy under Section 2255 was inadequate or ineffective; and he had failed to carry that burden. Neither has the instant Petitioner satisfied these requirements for using this Court's Section 2241 jurisdiction.

The Court concludes that the instant Petitioner has failed to state a claim upon which this Court may grant relief under 28 U.S.C. § 2241. He is not in custody in violation of the Constitution or laws or treaties of the United States. Accordingly, the Court being advised,

**IT IS ORDERED** as follows:

(1)     Petitioner Andre D. Grant's petition for a writ of habeas corpus [Record No. 2] is **DENIED**.

(2)     This action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the

9

Court's active docket.

(3)    Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This October 22, 2008.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge